IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASMIN B. & MARION BAILEY : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| SCHOOL DISTRICT OF : | NO. 06-4240 |
| PHILADELPHIA, et al. : | |

O'NEILL, J.                                                                                   FEBRUARY 7, 2008

MEMORANDUM

On August 21, 2006 plaintiffs Jasmin B. and Marion Bailey filed a complaint against defendants School District of Philadelphia, the School Reform Commission, and School District Chief Executive Officer Paul Vallas in the Court of Common Pleas of Philadelphia County under 42 U.S.C. § 1983 alleging defendants violated plaintiffs' constitutional rights. On September 22, 2006 defendants removed this matter to this Court. On June 4, 2007 plaintiffs filed an amended complaint alleging: 1) a violation of the Due Process Clause of the Fourteenth Amendment; 2) theories of vicarious liability and respondeat superior; 3) a violation of Article I § 26 of the Constitution of the Commonwealth of Pennsylvania; and 4) gross negligence and recklessness under Pennsylvania common law.

Before me now are defendants' July 16, 2007 motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs' response, and defendants' reply thereto. Also before me are plaintiffs' November 2, 2007 motion for leave to file a supplemental reply and defendants' response thereto. For the reasons stated below, I will grant defendants'

1

motion to dismiss plaintiffs' § 1983 claim and remand the state claims to the Philadelphia Court of Common Pleas.

## BACKGROUND

Plaintiff Jasmin B. is a minor child who resides in Pennsylvania and attended public school in the District of Philadelphia as a ninth grade student. Plaintiff Marion Bailey, who also resides in Pennsylvania, is plaintiff B.'s mother and natural guardian. On April 26, 2004 plaintiff B.'s class was scheduled to go on a school-sponsored field trip, and B. went to school with a permission slip to participate signed by her mother. After the morning announcements B. followed the instructions to assemble outside the school at the designated staging area. At that time B. was informed by a teacher that she would not be allowed to go on the trip because of the lack of space and confusion over her payment of the field trip fee. As plaintiff B. walked toward the school building to re-enter, she was informed by a friend that the doors were locked and she required a note to get back inside. Subsequently an adult male lured B. off school grounds, took her to a drug house, and raped her. Plaintiff B. was missing for approximately one week.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiffs' complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiffs will prevail, only whether they are entitled to offer evidence to support their claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

I.  Plaintiffs' Claim Pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment

Count I of plaintiffs' amended complaint alleges a violation of the Due Process Clause of the Fourteenth Amendment. Section 1983 provides a remedy for violations of those rights created by the Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 144 (1979). To establish a § 1983 claim plaintiffs "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1997), quoting Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

The Due Process Clause of the Fourteenth Amendment generally imposes no affirmative duty on states to protect citizens from the acts of private individuals. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-97 (1989).

3

("[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.") The Court of Appeals has recognized two exceptions to that general principle: the "special relationship" exception, and the "state-created danger" theory of liability. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997). Plaintiff argues that each exception applies here. I will discuss each exception in turn.

A.  The "Special Relationship" Exception

The special relationship exception allows for liability in circumstances where the state "enters into a special relationship with a particular citizen." D.R. v. Middle Buck Area Vocational Tech. Sch., 972 F.2d 1364, 1369-70 (3d Cir. 1992). A special relationship exists only when the state has "so restrained an individual's liberty that it renders him unable to care for himself." DeShaney, 489 U.S. at 200.

The Court of Appeals has determined that a "special relationship" does not exist between a student and a school. D.R., 972 F.2d at 1368-73 (holding that Pennsylvania's compulsory school attendance laws, even "paired with the in loco parentis authority of the school," do not create the type of custodial relationship necessary for a "special relationship").

Plaintiffs argue that the relationship between B. and the school should fall under the "special relationship" exception articulated in Morse. As the only fact that plaintiffs have alleged to show a "special relationship" existed between B. and defendants is a student-school relationship, I find that the "special relationship" exception does not apply in this case.

B.  The "State-Created Danger" Exception

Plaintiffs next contend that the school district should be liable under the "state-created danger" exception originally adopted by the Court of Appeals in <u>Kneipp v. Tedder</u>, 95 F.3d 1199 (3d Cir. 1996). To demonstrate "state-created danger," a plaintiff must allege sufficiently the following four elements: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. <u>Bright v. Westmoreland County</u>, 443 F.3d 276, 281 (3d Cir. 2006). Because plaintiffs fail to allege sufficient facts to satisfy the first element, I find that the state-created danger exception does not apply.

The first element of the state-created danger test is satisfied in cases where a specific harm to a specific individual was foreseeable. <u>Kneipp</u>, 95 F.3d at 1208. In <u>Kneipp</u> an intoxicated plaintiff and her husband were stopped by defendants (Philadelphia police officers) less than a block from their house for causing a disturbance on the highway. <u>Id.</u> at 1201. The defendants allowed the plaintiff's husband to continue home, but kept the plaintiff at the scene. <u>Id.</u> at 1202. The defendants then left an obviously intoxicated plaintiff on her own in cold weather to attempt to reach her home. <u>Id.</u> at 1203. Hours later the plaintiff was found unconscious at the bottom of an

embankment with severe brain damage caused by hypothermia. Id. The Court found that a reasonable trier of fact could conclude that "the harm likely to befall [plaintiff] if separated from [her husband] while in a highly intoxicated state in cold weather was indeed foreseeable." Id. at 1208.

In contrast, the Court in Morse determined that it was not foreseeable that a third party would enter an unlocked school door and murder a teacher at the school. 132 F.3d at 908. The Court focused on the fact that there were no allegations that defendant was aware of the danger posed by the third party or anyone posing a credible threat of violence to persons inside the school. Id. at 908.

The facts alleged in this case are analogous to those in Morse. Plaintiffs allege that it was "foreseeable and fairly direct" that B. could be lured off school grounds and abducted. However, there is no allegation that the school was aware of anyone posing a credible threat of violence to persons standing outside the school building, and no allegation that defendants were aware of the likelihood that a student would be abducted from school grounds and raped. Much like the victim in Morse, plaintiff B. was "the tragic victim of random criminal conduct rather than of school officials' deliberate, callous decisions." Id. at 911, quoting Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 202 (5th Cir. 1994).

The attack on plaintiff B. was not a "foreseeable and fairly direct" result of defendants' actions. Plaintiffs' allegation that the abductor was able to commit his acts as a result of defendants' decision not to allow plaintiff to go on a school field trip is insufficient to show the foreseeability required to support a state-created danger exception.

6

II.  <u>Plaintiffs' Motion for Leave to File a Supplemental Reply in Support of Plaintiffs' Response Opposing Defendants' Motion to Dismiss Amended Complaint</u>

In their Supplemental Reply, plaintiffs cite to the case <u>Jerkins v. Anderson</u>, 922 A.2d 1279 (N.J. 2007). It is unclear whether plaintiffs wish to cite this case in support of the § 1983 claim or the Pennsylvania tort claims. To the extent that plaintiffs desire the cited case to support the § 1983 claim, I find the case to have no precedential or authoritative value.

<u>Jerkins</u> is a New Jersey Supreme Court case involving allegations of negligence against a school district and principal. 922 A.2d at 1281. The Court held that schools in New Jersey must exercise a duty of reasonable care when supervising students' safety at dismissal. <u>Id.</u> <u>Jerkins</u> deals exclusively with New Jersey tort law and does not involve allegations under the United States Constitution or 42 U.S.C. § 1983.

Based on the foregoing analysis I will grant the motion to dismiss plaintiffs' § 1983 claim. I will remand the additional claims to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASMIN B. & MARION BAILEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF | : | NO. 06-4240 |
| PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, this 7th day of February 2008, upon consideration of defendants' motion to dismiss, plaintiffs' response and defendants' reply thereto, it is hereby ORDERED that defendants' motion to dismiss is GRANTED with respect to Count I. Count I of plaintiffs' amended complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court is directed to remand this case to the Court of Common Pleas of Philadelphia County for disposition of the remaining Counts of plaintiffs' amended complaint.

s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.